IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Linda Jean Armour, ) | |
| ) | Civil Action No. 6:05-3610-HMH-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Lockheed Martin Aircraft Center, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion to compel discovery responses. The plaintiff, who is proceeding *pro se*, alleges causes of action against the defendant for race-based discrimination, hostile work environment, and harassment. She claims that she suffered mental and emotional distress as a result of her treatment by the defendant.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The defendant served the plaintiff with its first interrogatories and requests to produce on May 8, 2006. The plaintiff did not timely respond, so the defendant sent a letter on June 22, 2006, requesting that the plaintiff respond by June 30th. The plaintiff served her responses on June 29th. The defendant sent the plaintiff a letter on June 30th detailing why her responses were deficient.

The defendant argues that the plaintiff's responses to interrogatories 3, 4, 5, which pertain to the plaintiff's medical history for the last five years, are inadequate. The interrogatories seek the names of the physicians who treated the plaintiff for emotional

injuries that she alleges were caused by the defendant (interrogatory no. 3), the physicians who have treated the plaintiff for other mental, psychological, or emotional conditions (interrogatory no. 4), and the names of all other physicians who have treated her in the past five years (interrogatory no. 5).  The plaintiff listed the name of one physician, but she did not identify whether the physician was responsive to interrogatory number 3, 4, or 5.

Interrogatory number 10 seeks the identity of all employers from whom the plaintiff sought employment since July 1, 1999.  Interrogatory number 12 seeks information related to other legal claims brought by the plaintiff.  The plaintiff responded only that "no worker's compensation claims existed prior to LMAC."  Number 14 asks the plaintiff to identify the names of unidentified persons referred to in the complaint.  The plaintiff has failed to adequately respond to these interrogatories.

The plaintiff's responses to the above-referenced interrogatories are insufficient.  Accordingly, the plaintiff is directed to provide information fully responsive to these interrogatories to the defendant on or before August 25, 2006.

In response to the defendant's requests for production of documents, the plaintiff directed the defendant to third parties, including her former attorney, her accountant, and her physician, who she states have possession of the requested documents (def. m. to compel, ex. 8).  The plaintiff is directed to produce all requested documents on or before August 25, 2006.  If the alternative, the plaintiff may provide signed releases instructing the third parties identified by her to produce the requested documents to the defendant.

Lastly, the defendant requested that the plaintiff execute a medical release so that it could issue a subpoena requesting production of the plaintiff's medical records (def. m. to compel, ex. 9). By letter dated July 3, 2006, the plaintiff informed the defendant that she would be happy to sign a release with regard to her medical information pertaining to the defendant and her claims against them, but she would not sign the release requested

by the defendant (def. m. to compel, ex. 6).  This court has reviewed the medical release and notes that it pertains "to all records and documents regarding any physical or mental conditions, injuries, or illness" for which the plaintiff "sought or received treatment, examination, or consultation of any kind *or at any time* or for which I have applied for payment of benefits" (def. m. to compel, ex. 6) (emphasis supplied).  The defendant has failed to show the relevance of the plaintiff's medical records for this unlimited period of time.  Accordingly, the motion to compel as to this request is denied.

Wherefore, based upon the foregoing, the motion to compel is denied in part and granted in part, as set forth above.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

August 9, 2006

Greenville, South Carolina